UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEL LAMONT SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KYLE PETREY, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-01169-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES<br><br>(ECF No. 18)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Del Lamont Smith ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this action filed on August 21, 2019. Magistrate Judge Stanley A. Boone screened the complaint, found that it failed to state a cognizable claim for relief, and gave leave to amend on February 19, 2020. (ECF No. 16). The case was reassigned to the undersigned magistrate judge on March 19, 2020. (ECF No. 17). Before the Court is Plaintiff's First Amended Complaint, filed March 25, 2020. (ECF No. 18).

It appears from the face of the First Amended Complaint that Plaintiff did not exhaust his available administrative remedies before filing this action. Plaintiff appears to admit the

administrative process was available, and that he did not obtain a decision at the third level (his appeal to the third level was canceled due to time constraints). (Id. at 4; ECF No. 1, p. 2).

Accordingly, the Court ordered Plaintiff to file a response within thirty days, explaining why this action should not be dismissed for failure to exhaust available administrative remedies. (ECF No. 19). Plaintiff did not respond.

Therefore, the Court will recommend that this action be dismissed for failure to exhaust available administrative remedies. Such a dismissal would be without prejudice, so that Plaintiff may be able to refile the action after exhausting administrative remedies, to the extent those remedies are still available to him.

I. **LEGAL STANDARDS**

"The California prison grievance system has three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011) & Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)). See also Cal. Code Regs. tit. 15, § 3084.7(d)(3) ("The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent. The third level of review exhausts administrative remedies….").

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). The exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action

whatsoever in response to a complaint." Booth v. Churner, 532 U.S. 731, 736, 741 (2001); Ross v. Blake, 136 S.Ct. 1850, 1857, 1859 (2016).

"Under the PLRA, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. The grievance need not include legal terminology or legal theories, because [t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. The grievance process is only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." Reyes, 810 F.3d at 659 (alteration in original) (citations and internal quotation marks omitted).

As discussed in Ross, 136 S.Ct. at 1862, there are no "special circumstances" exceptions to the exhaustion requirement. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." Id. at 1856. The Ross Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. See 532 U.S., at 736, 738, 121 S.Ct. 1819….
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use….
>
> And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation…. As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

Id. at 1859–60.

"When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies." Andres v. Marshall, 867 F.3d 1076, 1079 (9th Cir. 2017).

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). Jones, 549 U.S. at 223–24; Lira v. Herrera, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

3

When it is clear on the face of the complaint that a plaintiff failed to exhaust available administrative remedies, dismissal is proper. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).

## II. ANALYSIS

Plaintiff's First Amended Complaint states that there is an inmate appeal or administrative remedy process available at his institution. (ECF No. 18, p. 4). It further states, "3rd level denied the 602 due to time constraint issues." (Id.). Plaintiff's original complaint similarly explained regarding the "third formal level": "SCC-X-18-01806, Feb 25th, 2109, rejected, then later cancelled due to time restraint. SCC-X-18-01387, 4-22-2019: cancelled." (ECF No. 1, p. 2).

It appears from the face of Plaintiff's First Amended Complaint that Plaintiff did not receive a decision from the third level before filing this action and thus did not exhaust his available administrative remedies. Plaintiff was given an opportunity to respond, but did not do so. Accordingly, the Court will recommend that this action be dismissed for failure to exhaust available administrative remedies. The Court notes that this dismissal would be without prejudice. Therefore, if Plaintiff exhausts his administrative remedies in the future, he could refile the complaint.

## III. RECOMMENDATIONS AND ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This action be dismissed, without prejudice, because it is clear from the face of the complaint that Plaintiff failed to exhaust his available administrative remedies prior to filing this lawsuit; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834,

838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **June 15, 2020**              /s/ *Erica P. Grosjean*
                                        UNITED STATES MAGISTRATE JUDGE